CHICAGO, ROCK ISLAND & GULF RAILWAY COMPANY v. LEE CRENSHAW.

Decided February 12, 1910.

**Carriers of Live Stock—Feeding Pens—Duty to Furnish.**

There is no statute imposing upon railroad companies the absolute duty of furnishing feeding and watering pens so large that cattle would receive no injury from being confined therein, and hence a charge imposing this duty would be reversible error. The true test seems to be whether the pens under all the circumstances were such as a person of ordinary prudence would have provided.

Appeal from the County Court of Montague County. Tried below before Hon. A. W. Ritchie.

*N. H. Lassiter, Robert Harrison* and *Speer & Weldon,* for appellant.

*W. S. Jamieson* and *Chas. Crenshaw,* for appellee.—It is the duty of common carriers who convey live stock of any kind to feed and water the same during the time of conveyance and until the same is delivered to the consignee, and any carrier who fails to do so sufficiently becomes liable to the party injured for his damages. Sayles' Statutes, article 326, and Galveston, H. & S. A. Ry. Co. v. Thompson, 23 S. W., 930; Gulf, C. & S. F. Ry. Co. v. Gray, 24 S. W., 837; San Antonio & A. P. Ry. Co. v. Wright, 20 Texas Civ. App., 136; Houston & T. C. R. Co. v. Brown, 37 Texas Civ. App., 595; U. S. Compiled Statutes, Act June 29, 1906, secs. 1, 2, 3 and 4.

SPEER, ASSOCIATE JUSTICE.—Appellee sued appellant to recover damages growing out of a shipment of cattle from Fort Worth to Ringgold, the principal ground of complaint being that pens at the latter place were too small, and the cattle were kept therein without feed and water for such a time as to seriously injure them. In submitting the case the court instructed the jury as to the measure of appellant's duty as follows: "It was the duty of the defendant to water and feed said cattle when necessary, and to keep them in pens large enough that they would not be damaged by being too closely crowded, and a failure on the part of defendant to perform any of said duties would be negligence, and if such negligence caused loss or injury the defendant would be liable in damages for such loss or injury, if any." This charge is complained of as imposing too great a burden on appellant company.

Article 326, Sayles' Texas Civil Statutes, makes it the duty of a common carrier who conveys live stock of any kind to feed and water the same during the time of conveyance and until the same is delivered to the consignee or disposed of as provided by law, so that in this respect the charge correctly followed the statute. But in respect to the company's duty with reference to pens the charge is not the law. The effect of the charge is to impose upon the appellant the absolute duty of furnishing pens large enough that appellee's cattle would receive no injury from being confined therein. There is no statute within our knowledge imposing this duty upon railway companies, and, indeed, this court has held to the contrary of the proposition in Fort Worth & R. G. R. Co. v. Cage Cattle Co., 95 S. W., 705, where a charge very similar to the one above quoted was condemned. See also Casey v. St. Louis S. W. Ry. Co., 37 Texas Civ. App., 48 (83 S. W., 20). The true test seems to be whether the pens, under all the circumstances, were such as a person of ordinary prudence would have provided. The company is not under the absolute duty of guaranteeing cattle against injury by reason of insufficient pens.

We have disposed of this question as though appellee's pleadings authorized the submission of this issue of appellant's liability, but it is by no means certain that such is the case, and on another trial it might be well to amend in this respect, if this issue is again submitted.

For the error discussed the judgment is reversed and the cause remanded for another trial.

*Reversed and remanded.*